FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

NOV 2 5 2024

MITCHELL R. ELFERS
CLERK

Clifford Cummings
201 N 24th St
Bismarck, ND 58501
716-222-2044
Plaintiffs, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Clifford Cummings<br><br>PLAINTIFF,<br><br>Vs.<br><br>ESTATE OF FORREST FENN<br><br>DEFENDANT. | CASE No.: 1:24-cv-01097-JFR<br><br>**FIRST AMENDED COMPLAINT** |

INTRODUCTION

1. This is a civil action arising from Plaintiff's claims for compensation related to the estate of Forrest Fenn and a treasure chest allegedly concealed by him. Plaintiff asserts claims based on breach of contract, promissory estoppel, fraud or misrepresentation, unjust enrichment, and intentional infliction of emotional distress.

PARTIES

2. Plaintiff: Clifford Robert Cummings, an individual residing at 201 N 24th St, Bismarck, ND 58501.

3. Defendant: The Estate of Forrest Fenn, created upon Mr. Fenn's death, represented by the Executor of the Estate.

JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.[1]

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred[2] here.

FACTUAL BACKGROUND

**FIRST AMENDED COMPLAINT**
1

6. Forrest Fenn, an art dealer and author, initiated a treasure hunt by concealing a treasure chest containing valuable items in 2010 in the Rocky Mountains. He announced the hunt through his self-published book, *The Thrill of the Chase*.

7. In his interviews, Mr. Fenn laid out several key rules for solving the treasure hunt:

    - The poem contains nine clues, each referring to a specific geographical location.
    - The first stanza of the poem contains no clues but provides context for the hunt.
    - The treasure chest is wet, as indicated by Mr. Fenn in multiple interviews.
    - Intentional misspellings and wordplay in the poem are clues; for example, "canyon down" plays on the misspelling of "cannon."
    - Mr. Fenn hinted that the treasure was "hidden," referencing names like Hidden Lake, Hidden Trail, and Hidden Creek.

8. The poem itself constituted a contractual offer, where Mr. Fenn stated: "If you are brave and in the wood, I give you title to the gold." This statement created an offer that was open to any person who followed the clues and successfully located the treasure chest.

9. The Plaintiff, Clifford Cummings, accepted this offer through his actions. After learning of the treasure hunt in May 2013, Plaintiff studied the poem, developed his own solution to the clues, and traveled to Glacier National Park in 2019 to search for the treasure chest. By doing so, Plaintiff accepted the offer made by Mr. Fenn, dedicating time, effort, and resources to solving the poem's puzzle and claiming the treasure.

10. Consideration for this contract is the significant personal investment and resources Plaintiff expended in reliance on Mr. Fenn's offer. Plaintiff devoted substantial time, financial resources, and effort to solving the poem and attempting to retrieve the chest, based on the understanding that anyone who solved the clues and reached the chest would receive the treasure as promised. The consideration for Mr. Fenn's offer was thus Plaintiff's actions, which were undertaken with the expectation of receiving the treasure chest as a reward.

11. There was mutual assent between Mr. Fenn and the public, including Plaintiff, in the understanding that the contract—offering the treasure to anyone who solved the poem—was binding. The Plaintiff's reliance on Mr. Fenn's promise to reward the solver created a shared understanding that the chest would go to the person who demonstrated the necessary effort and skill to decipher the clues and retrieve the treasure.

12. Plaintiff first became aware of the treasure hunt when it was broadcast on *Good Morning America* in May 2013.

13. Plaintiff learned of the poem containing the clues to the treasure's location while residing at 337 Hoyt St., Buffalo, NY.

14. Between May and August 2019, Plaintiff corresponded with Mr. Fenn, sharing his interpretation of the poem and seeking guidance. Plaintiff developed the following

solution to the poem, which led him to Glacier National Park:

The Nine Clues and Corresponding Geographical Locations:

1. Where Warm Waters Halt - Identifies Glacier National Park.

2. The Canyon Down - Identifies Mt. Cannon (intentionally misspelled).

3. Not Far, But Too Far to Walk - Identifies Going-to-the-Sun Road as the main thoroughfare in Glacier.

4. Put In Below the Home of Brown - Identifies Mt. Brown.

5. From There, It's No Place for the Meek - Identifies the Continental Divide Trail.

6. The End is Ever Drawing Nigh - Identifies Hidden Creek, Hidden Lake, and Hidden Trail.

7. There Will Be No Paddle Up Your Creek, Just Heavy Loads and Water High - Identifies Avalanche Creek and Hidden Lake.

8. If You've Been Wise and Found the Blaze, Look Quickly Down Your Quest to Cease - Identifies Hidden Trail and Lookout Point, with the island as the ultimate destination.

9. If You Are Brave and in the Wood - Identifies the island in Hidden Lake as the location of the chest.

10. In May 2019, Plaintiff sent an email to Mr. Fenn informing him that he would be recovering the treasure chest as soon as Going-to-the-Sun Road opened and that the treasure hunt was about to end. Mr. Fenn responded in July 2019 with a one-line statement: "You did not solve the poem." Plaintiff believes that Mr. Fenn was referring to a technicality of "taking the chest and going in peace," implying that he changed his mind and decided to contract with someone to recover the chest himself, creating a false cover story. This exchange demonstrates Mr. Fenn's awareness of Plaintiff's solution and his intent to prevent Plaintiff from claiming the treasure.

11. Acting on this solution, Plaintiff traveled to Glacier National Park in the summer of 2019 to retrieve the treasure chest.

12. On August 5, 2019, Plaintiff visited the exact location where the treasure chest was allegedly hidden. Upon visiting the location, Plaintiff discovered a circle of boulders, indicating that this was the precise spot where the chest had been.

13. Plaintiff was in communication with a woman who goes by the name Emma Sage on Facebook from February 2022 to September 2024. This individual, whose real name is unknown to Plaintiff, revealed intimate knowledge of the treasure hunt without Plaintiff

**FIRST AMENDED COMPLAINT**
3

prompting her, leading Plaintiff to believe she had connections to the Fenn family. Emma Sage repeatedly offered to meet Plaintiff at various locations throughout the country, claiming to have a cash settlement offer. Plaintiff attempted to meet her in New York City twice and Honolulu, Hawaii once, with only one meeting in New York City coming to fruition. These attempts to meet, instigated by Emma Sage, ultimately wasted Plaintiff's time and money, causing severe emotional distress that required multiple hospitalizations. Plaintiff believes that her actions were intentionally deceptive and designed to cause him harm.

14. On June 6, 2020, Mr. Fenn announced that the chest had been "found." Plaintiff did not hear this news until approximately six months later.

15. Upon learning that the alleged finder, Jack Stuef, had not provided a solution or location, Plaintiff began to suspect foul play. Plaintiff's belief that the treasure chest was found by a private contractor hired by Mr. Fenn is based upon Plaintiff's confidence in his own solution to the puzzle, the lack of any solution or location offered by the alleged finder, Jack Stuef, and the general circumstances surrounding the purported finding.

16. Plaintiff alleges that Mr. Fenn contracted with Jack Stuef to retrieve the chest on Mr. Fenn's behalf, creating a false cover story that Mr. Stuef independently solved the poem and located the chest.

17. Jack Stuef is not a member of the general public but a private contractor who acted at Mr. Fenn's direction. This arrangement was contrary to the rules and spirit of the treasure hunt, which required the chest to be retrieved by a legitimate solver of the poem's clues.

18. Mr. Fenn benefited from public participation in the hunt, including publicity, increased sales of his books, and the enhancement of his legacy. Plaintiff, as a member of the public, contributed to these benefits by engaging with the hunt and promoting its legitimacy through his efforts.

19. Plaintiff requests that Jack Stuef be deposed to investigate the veracity of Plaintiff's belief that Mr. Fenn contracted with Jack Stuef to retrieve the chest, and to reveal the truth of his arrangement with Mr. Fenn, including any contractual obligations or communications between them. Specifically, Plaintiff seeks to uncover evidence that Mr. Fenn reneged on the treasure hunt by hiring Mr. Stuef to retrieve the chest, thereby undermining the integrity of the contest and deceiving the public, including Plaintiff.

20. Mr. Fenn's actions and omissions deprived Plaintiff of his rightful opportunity to claim the treasure chest in accordance with the rules and the terms of the poem.

CLAIMS FOR RELIEF

COUNT I: BREACH OF CONTRACT

26. Plaintiff incorporates the preceding paragraphs by reference.

27. The poem constituted a binding contract, offering title to the gold to the solver who was "brave and in the wood." Plaintiff accepted this offer by solving the poem and venturing to the identified location.

28. Mr. Fenn breached this contract by contracting with Jack Stuef to retrieve the chest, denying Plaintiff the opportunity to claim the reward in accordance with the terms of the poem.

29. This breach caused Plaintiff damages, including lost opportunity, financial hardship, and emotional distress.

## COUNT II: PROMISSORY ESTOPPEL

30. Plaintiff incorporates the preceding paragraphs by reference.

31. Mr. Fenn assured participants, including Plaintiff, that the treasure would be awarded to the individual who solved the poem.

32. Plaintiff reasonably relied on this promise, dedicating significant resources to deciphering the poem and searching for the treasure.

33. Plaintiff's reliance was reasonable and foreseeable, and enforcement of this promise is required to prevent injustice.

## COUNT III: FRAUD OR MISREPRESENTATION

34. Plaintiff incorporates the preceding paragraphs by reference.

35. Mr. Fenn made false and misleading statements to the public, including Plaintiff, that created the false impression that the treasure chest was available to anyone who could solve the poem's clues and retrieve the chest. Specifically, Mr. Fenn repeatedly made public statements—both in interviews and through his published book *The Thrill of the Chase*—that:

- The treasure chest was hidden in the Rocky Mountains and would be awarded to the person who solved the poem's clues.
- There were no preconditions or special arrangements that would give any person a preferred position in claiming the chest.
- Mr. Fenn conveyed the belief that the hunt was open to all, and that the chest would go to the solver of the poem who followed the clues and reached the correct location.

36. These statements were fraudulent because they were false and misleading:
- Mr. Fenn concealed a material fact from the public, namely that he had made arrangements with Jack Stuef, a private individual, to retrieve the chest on his behalf.

**FIRST AMENDED COMPLAINT**
5

- Mr. Fenn created a false narrative that Jack Stuef independently solved the poem and located the chest, misrepresenting the true circumstances under which the chest was found.

37. Plaintiff reasonably relied on these false representations, continuing to expend significant personal resources—time, money, and effort—believing that the treasure would be awarded to anyone who legitimately solved the poem. This reliance was reasonable and foreseeable based on Mr. Fenn's public statements.

38. Mr. Fenn's fraudulent conduct caused Plaintiff to suffer damages, including:

- Financial loss from resources invested in solving the poem and traveling to the treasure location;
- Emotional harm, including distress, frustration, and a sense of betrayal upon learning that the chest had been retrieved under false pretenses; and
- Loss of opportunity to claim the treasure chest as a legitimate solver of the poem.

## COUNT IV: UNJUST ENRICHMENT

39. Plaintiff incorporates the preceding paragraphs by reference.

40. Mr. Fenn and the Estate were enriched by the publicity, financial benefits, and legacy resulting from Plaintiff's and the public's engagement with the treasure hunt.

41. Allowing Defendants to retain these benefits while denying Plaintiff his rightful claim is unjust.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff incorporates the preceding paragraphs by reference.

43. Defendants' conduct—rejecting Plaintiff's claims, misleading the public, and facilitating a private arrangement with Jack Stuef to retrieve the treasure—was extreme and outrageous. This conduct was intentional, or at the very least reckless, in that Mr. Fenn knew or should have known that his actions would cause severe emotional distress to Plaintiff.

44. The emotional distress caused was so intense that it significantly affected Plaintiff's ability to function normally in daily life. Plaintiff suffered severe emotional distress, including:

- Anxiety, depression, and physical manifestations of distress, such as difficulty sleeping and loss of appetite.
- Plaintiff was hospitalized on numerous occasions due to the severity of the emotional distress he experienced from being deceived by Mr. Fenn's actions, which caused a profound sense of betrayal.

45. Plaintiff's distress was severe and ongoing, and it was a direct result of Defendants' extreme conduct.

RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment in favor of Plaintiff on all counts;
2. Award damages, including compensatory and punitive damages, in an amount exceeding $75,000;
3. Order the deposition of Jack Stuef to investigate the circumstances surrounding the retrieval of the treasure chest;
4. Grant Plaintiff any other relief the Court deems just and proper.

Respectfully submitted,
Clifford Robert Cummings
Pro Se Plaintiff
201 N 24th St, Bismarck, ND 58501

Date; 11/20/2024

Signature; *Clifford Cummings*

FROM:

Clifford Cummings
201 N 24th St
Bismarck, ND 58501



RECEIVED KR
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

NOV 25 2024

MITCHELL R. ELFERS
CLERK

TO:

US District Court
District of New Mexico
106 S. Federal Place
Santa Fe, NM 87501

**Expandable Photo Document Mailer**
9 3/4" x 12 1/4"

**ReadyPost.**