FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 10 2025
MITCHELL R. ELFERS
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**Clifford Cummings,**
Plaintiff,
v.
**Estate of Forrest Burke Fenn,**
Defendant.

**Case No. 1:24-cv-01097-JCH-JFR**

6/4/25

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS

NOW COMES Plaintiff, **Clifford Cummings**, and respectfully submits this Response in Opposition to Defendant's Motion to Dismiss (Doc. 21). The Motion to Dismiss should be denied for the following reasons:

## I. INTRODUCTION

Defendant argues that all claims asserted in Plaintiff's First Amended Complaint (Doc. 7) are barred by the statute of limitations under NMSA 1978 §§ 45-3-801 and 45-3-803. However, Plaintiff asserts that the alleged misconduct, including fraud, misrepresentation, and intentional infliction of emotional distress, was not known and could not reasonably have been discovered until after the death of Forrest Fenn and the subsequent events surrounding the concealment of material facts by the current representative and other parties, including Jack Stuef. These claims are based on **independent torts** and not on recovery of debts or probate assets, and therefore do not fall squarely within the "claims against an estate" governed by the New Mexico Uniform Probate Code.

## II. ARGUMENT

### A. The Discovery Rule Delays the Accrual of Plaintiff's Claims

The statutes cited by Defendant are inapplicable where a plaintiff alleges **fraudulent concealment or delayed discovery**. Under New Mexico law, "the discovery rule provides that a cause of action does not accrue until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the cause of action." *Williams v. Stewart*, 2005-NMCA-061, ¶ 18, 137 N.M. 420.

Plaintiff did not discover the basis of his claims until well after the death of Forrest Fenn. Crucially, material facts were deliberately withheld or concealed by individuals connected to the Estate. Plaintiff alleges that **fraudulent concealment** delayed the discovery of the nature of the injury, including the true identity of the finder and terms surrounding the alleged "agreement." Plaintiff continues to seek to depose **Jack Stuef**, whose testimony is critical to verifying these suspicions and allegations.

The existence of fraudulent concealment or delayed discovery presents a **factual dispute** inappropriate for resolution on a Rule 12(b)(6) motion. Dismissal is premature.

---

**B. Plaintiff's Claims Are Independent Torts Not Governed by Probate Time Bars**

Plaintiff's claims for **fraud, misrepresentation, and intentional infliction of emotional distress** are **not claims against the estate** for money owed or enforcement of a contract. Rather, they are based on tortious conduct that became known **posthumously**, and as such are **personal injury claims** that are not foreclosed under NMSA §§ 45-3-801 and 45-3-803.

New Mexico courts have distinguished between traditional "creditor" claims (e.g., unpaid debts) and independent tort actions. See *In re Estate of Duran*, 1997-NMCA-030, ¶ 7, 123 N.M. 752 ("a cause of action that is not a claim under the Probate Code is not subject to the nonclaim statute limitations").

---

**C. Fraudulent Concealment Equitably Tolls the Statute of Limitations**

Even if the Probate Code applies, Plaintiff's allegations of **fraudulent concealment** toll any limitations period. See *Tomlinson v. George*, 2005-NMSC-020, ¶ 12, 138 N.M. 34. Plaintiff asserts that critical facts regarding the nature and conclusion of the Forrest Fenn treasure hunt—including the conduct of those who stood to benefit from Plaintiff's reliance—were intentionally withheld.

Equitable tolling is appropriate where a defendant's actions prevented the timely filing of a complaint. The complaint's factual allegations raise this equitable tolling doctrine, and resolution of this issue requires a factual record not yet developed.

---

## III. CONCLUSION

Because Plaintiff has alleged that:

- the harm was discovered only after Forrest Fenn's death,
- Defendant and others actively concealed material facts,
- the claims are tort-based and not subject to the probate claims procedure,

dismissal under Rule 12(b)(6) is not appropriate. Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

---

**Respectfully submitted,**

/s/ Clifford R. Cummings

Clifford R. Cummings
3021 Nebraska Drive, Unit 205

Bismarck, ND 58503
Phone: 716-222-2044
Email: zawop@outlook.com
Pro Se Plaintiff

**Certificate of Service** 6/4/25 CC

I hereby certify that on ~~05/26/2025, I~~ mailed a copy of the foregoing to:

**Karl H. Sommer**
Sommer Karnes & Associates LLP
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico 87501

By U.S. Mail, postage prepaid.

/s/ Clifford R. Cummings

Clifford Robert Cummings
3021 Nebraska Drive, Unit 205
Bismarck, ND 58503

BISMARCK ND 585
6 JUN 2025 AM 1 L



US District Court
District of New Mexico
Pete V. Domenici U.S. Courthouse
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 10 2025
MITCHELL R. ELFERS
CLERK

87102-227470