**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

CLIFFORD ROBERT CUMMINGS,

     Plaintiff,

v.                                       Case No. 1:24-cv-01097-JCH-JFR

THE ESTATE OF FORREST FENN,

     Defendant.

## SUA SPONTE ORDER AS TO PENDING MOTION TO DISMISS

This matter comes before the Court sua sponte. In his First Amended Complaint, Plaintiff Clifford Robert Cummings sues the Estate of Forrest Fenn ("Estate") and alleges breach of contract, promissory estoppel, fraud or misrepresentation, unjust enrichment, and intentional infliction of emotional distress. Doc. 7 at 4-7 ("FAC"). In the wake of Cummings's lawsuit, the Estate, through Zoe Fenn Old—Fenn's daughter and his Estate's Personal Representative—moves the Court to dismiss this case with prejudice because it is time barred by the statute of limitations within the New Mexico Uniform Probate Code ("UPC"), NMSA 1978, § 45-1-101 et seq. *See generally* Doc. 21 ("Motion").

### I.    Exhibits Cited in the Motion but not Filed on the Docket

In its Motion, the Estate relies on two exhibits to prove that it published a notice to creditors in the newspaper, in line with NMSA 1978, § 45-3-801 (2016) and § 45-3-803 (2016), thereby barring Cummings's causes of action. Doc. 21 at 2 ¶ 3 (citing to "Exhibit C [Notice to Creditors]" and "Exhibit D [Affidavit of Publication]"). Neither of these exhibits were filed on the docket. *See* Doc. 21-1 (Exhibit A: New Mexico Certificate of Death); Doc. 21-2 (Exhibit B: Order for Informal Probate of Will and Appointment of Personal Representative); Doc. 21-3 (Exhibit C: same). Even

though Cummings does not argue about the missing exhibits, it is crucial the Court review them given the Estate's arguments. The Court cannot do so, however, because the Estate failed to file them. Therefore, the Court will direct the Estate to either submit an amended motion to dismiss with the exhibits attached or file a notice explaining why it need not do so.

## II.      Citation to Nonexistent Case Law

Next, the Court issues a warning to Cummings. Pro se parties are afforded some latitude and held to a less stringent standard of pleading than that for lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even so, the Tenth Circuit requires all litigants, including those unrepresented by counsel, to comply with the Federal Rules of Civil Procedure. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("[The Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (text only)).

In his response to the Motion, Cummings argues his claims are independent torts that are not governed by the UPC's statute of limitations. Doc. 23 at 2. To support this argument, Cummings cites to a nonexistent New Mexico case. *See id.* (citing "*In re Estate of Duran*, 1997-NMCA-030, ¶ 7, 123 N.M. 752").[1] Given this, the Estate argues Cummings either "carelessly relied on some artificial intelligence (AI) program" or "intentionally attempted a fraud on the Court, in violation of Rule 11" of the Federal Rules of Civil Procedure by including the citation. Doc. 25 at 2.

---

[1] Upon review, the legal citations correspond to two separate New Mexico cases, neither of which are called "*In re Estate of Duran*." Instead, the cases are *Johnson & Johnson v. Tax'n & Revenue Dep't of State of N.M.*, 1997-NMCA-030, 123 N.M. 190, and *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, 123 N.M. 752. And, based on the Court's research, the quoted text in the parenthetical does not exist in a New Mexico case.

Rule 11 establishes the standard that litigants must follow when filing documents in federal court. When a pro se party files a written motion with the Court, they are certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law[.]" Fed. R. Civ. P. 11(b)(2) (Representations to the Court). A failure to follow these obligations, even by a pro se party, may result in a sanction. *See* Fed. R. Civ. P. 11(c). While courts "make some allowances for the pro se plaintiff's failure to cite proper legal authority," courts ordinarily do not coddle a plaintiff who cites to fake, nonexistent, or misleading authorities. *Fomby v. Jones*, 486 F. App'x 747, 748 (10th Cir. 2012) (citation modified); *see, e.g.*, *Dehghani v. Castro*, No. 2:25-cv-0052, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025) (collecting cases), *aff'd*, 782 F. Supp. 3d 1051 (D.N.M. 2025); *Lipe v. Albuquerque Pub. Schs.*, Civ. No. 23-899, 2025 WL 2695244, at *3-4 (D.N.M. Sept. 22, 2025) (fining counsel $3,000 for, inter alia, failure to adequately review filings for accuracy and citing to nonexistent cases); *Morgan v. Cmty. Against Violence*, No. 23-cv-353, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023) ("Quite obviously, many harms flow from [the use of fabricated citations]—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system[.]").

With this in mind, the Court strongly cautions Cummings against using AI to help draft his filings—if he did indeed use it to craft his legal arguments—and warns him that he could face further consequences if similar misconduct continues.

## CONCLUSION

Based on the foregoing, the Court hereby orders the Estate either file (1) an amended motion to dismiss, including the missing exhibits or (2) file a notice showing cause as to why the Court need not consider the absent exhibits. The choice is the Estate's, but it must respond to this

3

Order no later than **5:00 P.M. MDT on Thursday, November 6, 2025**. If the Estate files an amended motion to dismiss, then Cummings may respond within fourteen (14) days, in accordance with this Court's local rules. *See* D.N.M. L.R.-Civ. 7.4(a). Thereafter, the Estate shall have fourteen (14) days to reply. *Id.*

It is so ordered.

_____
SENIOR UNITED STATES DISTRICT JUDGE