UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFFORD CUMMINGS,
    Plaintiff,

v.                              Case No.: 1:24-cv-01097-JCH-JFR
                                Hon. Judith C. Herrera, Presiding
THE ESTATE OF FORREST BURKE FENN, et al., Hon. John F. Robbenhaar, Referral
    Defendants.
_____/

PLAINTIFF'S MOTION FOR SANCTIONS, A PROTECTIVE ORDER, EXPEDITED
DISCOVERY, AND FOR REFERRAL REGARDING EXTRAJUDICIAL INTIMIDATION

Plaintiff Clifford Cummings, proceeding pro se, respectfully moves this Court to invoke

its inherent power to issue sanctions against the Defendants, to enter a protective order

restricting out-of-court communications, to grant expedited discovery to unmask

anonymous actors, and to formally refer this matter to federal law enforcement

authorities for a criminal investigation. This motion is based upon a coordinated,

anonymous, and bad-faith attempt to intimidate, influence, and manipulate a pro se

litigant into withdrawing an active federal civil action outside of normal judicial channels.

In support of this Motion, Plaintiff states as follows:

I. FACTUAL BACKGROUND

1. Plaintiff Clifford Cummings filed his First Amended Complaint in this civil action on

November 25, 2024, asserting claims against the Estate of Forrest Burke Fenn.

2. On Friday, May 15, 2026, at approximately 7:28 AM, Plaintiff received an unsolicited, anonymous email via an encrypted provider (Proton Mail) sent directly to his private email addresses (zawop@outlook.com and zawop888@gmail.com).

3. The communication was sent from forrestfennsearchers@protonmail.com under the alias "FennSearchers." A true and correct copy of this email is attached hereto as Exhibit A.

4. The senders explicitly admit in the text of the email that they have been tracking Plaintiff's federal case, monitoring his specific legal filings, and coordinating communication privately "for months."

5. The senders further admit that they actively harvested Plaintiff's contact information directly from public court records to initiate contact.

6. The explicit intent and core demand of the communication is to pressure, manipulate, and coerce the Plaintiff into voluntarily dropping and withdrawing his lawsuit against the Fenn estate before the Court can issue a final ruling.

7. The communication utilizes a coercive psychological narrative—couching the demand in metaphors regarding a "morality play" from the story of Willy Wonka—and explicitly warns the Plaintiff that letting the lawsuit proceed to a judicial ruling is a "certain fail" where he will get "nothing." The email promises that if Plaintiff withdraws

the suit immediately, he can be "forgiven" and remain eligible for a secret financial or physical reward.

8. On May 17, 2026, Plaintiff formally reported this targeted intimidation and out-of-court tracking to law enforcement to establish a paper trail of harassment. To preserve absolute privacy and protect against further tracking, a copy of the police reporting documentation containing personal address details is submitted directly to the Court for IN CAMERA REVIEW as Exhibit B.

## II. THE STRUCTURAL ALIGNMENT BETWEEN THE ANONYMOUS EMAIL AND DEFENDANT'S COURT FILINGS

9. Circumstantial evidence strongly indicates that the anonymous email was orchestrated by, or in direct coordination with, the Defendants or individuals with intimate access to the defense's legal operations.

10. On November 4, 2025, Defendant Personal Representative Zoe Old, through counsel Karl H. Sommer of Sommer Karnes & Associates, LLP, filed an Amended Motion to Dismiss Complaint as Being Barred by the Statute of Limitations (Document 28).

11. The core legal argument presented by defense counsel in Document 28 is that Plaintiff's claims are strictly time-barred because Forrest Burke Fenn died on September 7, 2020, and all claims against the Estate had to be made by March 1, 2021.

12. The anonymous email received by Plaintiff perfectly echoes the defense's specific legal text, stating verbatim:

"You sued the estate well past the statute of limitations timeline and you provided nothing of legal significance that could override that very strict statute. It might stay in court much longer but it is certainly going to be dismissed."

13. The anonymous sender possesses an identical understanding of the pending briefs, the specific defense strategy, and the impending judicial resolution. Because the text mirrors the precise legal posture of Document 28 and directly serves the financial and legal interests of the Fenn estate, Plaintiff reasonably believes the senders are acting as agents or representatives of the defense, attempting to improperly secure a dismissal outside of the courtroom.

## III. LEGAL STANDARD & ARGUMENT

14. Federal courts possess the "inherent power" to sanction bad-faith litigation conduct, abuse of the judicial process, and attempts to improperly influence parties outside of court. Chambers v. NASCO, Inc., 501 U.S. 32 (1991). This inherent power allows a district court to fashion appropriate sanctions to protect the integrity of the proceedings, up to and including the entry of a default judgment or the striking of pleadings.

15. Furthermore, under the court's broad equitable powers, a protective order is warranted when a party is subjected to annoyance, harassment, or intimidation that threatens their security or undermines the orderly administration of justice.

16. Under federal criminal law, 18 U.S.C. § 1503 (Influence or injuring officer or juror generally) and 18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant), it is a federal crime to corruptly influence, obstruct, or impede the due administration of justice, or to use harassment to delay or prevent any person from participating in a civil or criminal federal proceeding.

17. Because the anonymous communication explicitly attempts to induce the Plaintiff to abandon a federal civil action through extrajudicial pressure and covert tracking, the behavior raises substantial concerns under federal obstruction and witness harassment statutes. While this Court handles civil remedies under its inherent powers, an alternative mechanism of expedited discovery or formal federal referral is necessary to pierce the encrypted channels and expose the identity of the anonymous senders.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clifford Cummings respectfully requests that this Court invoke its inherent power and grant the following relief:

1. Entry of Sanctions: Issue a severe sanction against the Defendants, up to and including the striking of Defendants' Amended Motion to Dismiss (Document 28),

entering a finding of contempt, or entering a default judgment in favor of the Plaintiff for bad-faith interference with this litigation;

2. Alternative Relief for Expedited Discovery: In the alternative, if the Court deems an immediate entry of default judgment premature due to the anonymous nature of the transmission, Plaintiff requests an order granting expedited, limited discovery. This order should permit Plaintiff to issue an immediate third-party subpoena to Proton Mail to unmask the account's subscriber logs and IP histories, and compel the Defendant Representative and counsel to submit sworn affidavits denying connection to the account;

3. Entry of a Protective Order: Issue a strict, non-contact protective order legally barring the Defendants, their family members, their attorneys (Sommer Karnes & Associates, LLP), their investigators, or anyone acting in concert with them from contacting, communicating with, or monitoring the Plaintiff outside of formal, written court filings;

4. Referral to Federal Authorities: Formally refer the facts of this motion, including the attached anonymous communication (Exhibit A) and the privately submitted police documentation (Exhibit B), to the United States Department of Justice, the Federal Bureau of Investigation (FBI), and the United States Attorney for the District of New Mexico for a criminal investigation into potential violations of federal obstruction of justice and witness harassment statutes (18 U.S.C. §§ 1503, 1512);

5. Monetary Reimbursement: Order the Defendants to compensate the Plaintiff for all actual out-of-pocket expenses (including copying, mailing, and filing costs) incurred as a direct result of responding to this misconduct; and

6. Grant such other and further relief as this Court deems just and equitable.

Dated: June 1, 2026

Respectfully submitted,

/s/ Clifford Cummings
Clifford Cummings, Plaintiff Pro Se
General Delivery
San Diego, CA 92101
716-222-2044
zawop888@gmail.com

CERTIFICATE OF SERVICE
I hereby certify that on this 1st day of June, 2026, a true and correct copy of the foregoing Motion for Sanctions, Protective Order, Expedited Discovery, and Referral, along with Exhibit A (the email) and a Notice of In Camera Submission, was served via First-Class U.S. Mail upon the attorney of record for the Defendants at the following address:

Karl H. Sommer, Esq.
Sommer Karnes & Associates, LLP
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico 87501

/s/ Clifford Cummings
Clifford Cummings, Plaintiff Pro Se

EXHIBIT B: LAW ENFORCEMENT REPORTING DOCUMENTATION
[NOTICE OF WITHHOLDING: THIS EXHIBIT HAS BEEN WITHHELD FROM SERVICE AND SUBMITTED EXCLUSIVELY TO THE COURT FOR IN CAMERA INSPECTION TO PRESERVE PLAINTIFF'S PRIVACY AND PREVENT UNWANTED OUT-OF-COURT TRACKING.]

Clifford Cummings
General Delivery
San Diego, CA 92407

RECEIVED
At Albuquerque, NM
JUN 09 2026
ERIK PALTROW
CLERK

SAUL BELLOW

Pete V. Domenici United States Courthouse
Attn: Clerk of Court
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102