IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFFORD ROBERT CUMMINGS,

    Plaintiff,

v.                                                                  Civil Case No. 1:24-cv-01097-JCH-JFR

THE ESTATE OF FORREST FENN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS**

This matter is before the Court on Defendant Personal Representative Zoe Old's Amended Motion to Dismiss Complaint as being barred by the Statute of Limitations, filed November 4, 2025. Doc. 28 ("Amended Motion"). Zoe Fenn Old, acting as the Personal Representative for Defendant, the Estate of Forrest Fenn (the "Estate"), moves for dismissal and argues the statute of limitations within New Mexico's Uniform Probate Code ("UPC") bars Plaintiff Clifford Robert Cummings's suit. *Id.* at 2-3; *see* Doc. 28-1 at 1; NMSA 1978, § 45-3-801 (2016); NMSA 1978, § 45-3-803 (2016).

Having carefully considered the parties' briefs, exhibits, and the relevant law, and being otherwise fully informed, the Court will **GRANT** the Amended Motion, Doc. 28, and **DISMISS** the case with prejudice for the reasons explained below.

**BACKGROUND**

In his memoir, Forrest Fenn explained that he hid a treasure chest deep in the Rocky Mountains and laid the path to its discovery via poem. Doc. 7 at 2 ¶¶ 6-8. The chest would only be found, however, if readers could decipher the poem's intentional misspellings, wordplay, and nine additional clues. *Id.* at 2 ¶ 7, 3 ¶¶ 1-9. The search gained national attention and drew many to

1

quest for the treasure, including Cummings. *Id.* at 2 ¶¶ 9-14. He first learned of Fenn's hidden treasure in May 2013. *Id.* ¶¶ 9, 12.

Over the next six years, Cummings developed his own solution to Fenn's poem and planned to travel to Glacier National Park to find the chest. *Id.* ¶¶ 9, 14, 3 ¶ 11. Cummings sent Fenn an e-mail informing him of his plan, but Fenn only responded, "You did not solve the poem." *Id.* at 3 ¶ 10. Undeterred, in August 2019, Cummings "visited the exact location where the treasure chest was hidden," but did not locate the chest. *Id.* ¶¶ 10, 12.

The next summer, on June 6, 2020, Fenn announced that the chest had been found, and the search was over. *See id.* at 4 ¶¶ 14-15; Doc. 28-1 at 1. Fenn died months later, on September 7, 2020. *See* Doc. 28-1 at 1; Doc. 28-2 at 1 ¶ 1. Probate proceedings followed. As of October 6, 2020, "No demands of interested persons or notice of any proceedings concerning [Fenn] in New Mexico or elsewhere have been received by [Fenn Old]." Doc. 28-2 at 2 ¶ 7. Acting on behalf of the Estate, Fenn Old then filed a Notice to Creditors on October 9, 2020, which stated: "Claims against the Estate must be presented to the Personal Representative . . . within four (4) months after the date of the first publication of this Notice to Creditors, or be forever barred." Doc. 28-3 at 1. Thereafter, Fenn Old requested the Santa Fe New Mexican newspaper publish that same notice on October 28, November 4, and November 11, 2020. Doc. 28-4 at 2, 3 ("Notice").

Meanwhile, six-months after the fact, Cummings learned the search had concluded—he suspected "foul play." Doc. 7 at 4 ¶¶ 14, 15. In pursuit of this belief, Cummings filed his original complaint against the Estate on October 25, 2024. Doc. 1 ("Complaint"). He then amended the Complaint on November 25, 2024, and asserts the following claims: (1) breach of contract, (2) promissory estoppel, (3) fraud or misrepresentation, (4) unjust enrichment, and (5) intentional infliction of emotional distress. Doc. 7 at 4-7.

In opposition, the Estate filed its Answer to First Amended Complaint on May 19, 2025. Doc. 19 ("Answer"). The same day, it filed its Motion to Dismiss Complaint as Being Time Barred by the Statute of Limitations. Doc. 21 ("Motion"). Cummings opposed and filed his response twenty-two days later.[1] Doc. 24 ("Response"). After the matter was fully briefed, the Court issued its Sua Sponte Order as to Pending Motion to Dismiss. Doc. 27.

There, the Court noted two exhibits the Estate cited in the Motion were not concurrently filed on the docket. *Id.* at 1-2. To remedy this omission, the Court directed the Estate to "either file (1) an amended motion to dismiss, including the missing exhibits or (2) file a notice showing cause as to why the Court need not consider the absent exhibits." *Id.* at 3. The Estate chose the former, filed the Amended Motion, and attached the missing exhibits. *See generally* Docs. 28, 28-3 (Notice to Creditors), 28-4 (Affidavit of Publication). Cummings never filed a response despite the Court allowing him fourteen days to do so and issuing a warning concerning his citations to a nonexistent New Mexico case. Doc. 27 at 2, 4; *see* Doc. 29 at 1.

To date, over six months have passed since the Estate filed the Amended Motion. Cummings still has not responded to that filing. Consequently, the Amended Motion is unopposed.[2] D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in

---

[1] Cummings filed his Response eight days late. Under this District's Local Rules, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Cummings did not move for an extension of time to file, nor did the parties otherwise agree to a longer period to respond. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]"). The Estate has not noted Cummings's tardiness.

[2] Pro se parties are afforded broader latitude and held to a less stringent standard of pleading than that for lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). Yet, the Tenth Circuit requires all litigants, including an unrepresented party, to comply with the Federal Rules of Civil Procedure and the Local Rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Court will not "assume the role of advocate for the pro se litigant," *Hall*, 935 F.2d at 1110, nor "supply additional factual allegations

opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court cannot grant the Amended Motion based solely on Cummings's failure to respond, however. The Court must still consider the merits of the Estate's arguments and whether Cummings "has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

## LEGAL STANDARD

The Estate raises a statute of limitations defense in its Answer and Amended Motion.[3] Doc. 19 at 1 ¶ 5b; Doc. 28 at 2-3. Yet, the Estate does not cite a Federal Rule of Civil Procedure as a basis for dismissal, despite being required to do so. D.N.M.LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought."). Typically, a dispositive motion asserting a statute-of-limitations defense is not suitable for resolution via Rule 12 of the Federal Rules of Civil Procedure, but a district court may nevertheless decide the issue "'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Herrera*, 32 F.4th at 991 (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). Such is the case here. So, the Court construes the Amended Motion as one for judgment on the pleadings under Rule 12(c).[4] *See* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).").

---

to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[3] A statute-of-limitations argument is an affirmative defense that must be raised by the defendant. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

[4] Regardless of whether the Court construes the Amended Motion as one under Rule 12(b)(6) or Rule 12(c), the legal standard is the same. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (noting a motion for judgment on the pleadings under Rule 12(c) is treated like a motion to dismiss pursuant to Rule 12(b)(6)).

Accordingly, the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and review them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The Court may "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[5] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

### DISCUSSION

Arguing for dismissal, the Estate posits that Sections 45-3-801 and 45-3-803(A) of New Mexico's UPC bar Cummings's claims because he did not timely file his Complaint within the statutes of limitations. Doc. 28 at 1-3.

Section 45-3-801(A) provides:

A personal representative upon appointment may publish a notice to creditors once a week for three successive weeks in a newspaper of general circulation in the county in which the probate proceeding is pending, announcing the personal representative's appointment and address and notifying creditors of the estate to present their claims within *four months* after the date of the first publication of the notice or be forever barred.

(emphasis added). Applied here, the Estate properly published its Notice for three consecutive weeks, beginning October 28, 2020. *See* Doc. 28-4 at 2-3. This meant any "creditor" had four months—or until March 1, 2021—to file a lawsuit against the Estate.[6] Cummings did not do so— he filed the Complaint over three years and seven months late.

---

[5] The Estate attached multiple public documents to its Amended Motion. Docs. 28-1, 28-1, 28-3, 28-4. Seeing as these documents are public records, and their authenticity is undisputed, the Court may consider them without converting the Estate's Amended Motion into one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion. . . ."); *Rose v. Utah State Bar*, 471 Fed. App'x 818, 820 (10th Cir. 2012) (accepting state-court filings as subject to judicial notice).

[6] Technically, the four-month period for the presentation of claims expired on February 28, 2021. *See* Doc. 28 at 2 ¶ 4. Because this was a Sunday, both the Estate and the Court add a day to the limitations period. *See id.*; Fed. R. Civ. P. 6(a)(1)(C) (noting that if "the last day of the period" is

As to Section 45-3-803(A), it provides, in pertinent part:

> All claims against a decedent's estate that arose before the death of the decedent . . . including tort or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute, are barred against the estate, . . . unless presented within the earlier of the following:
>
> > (1) one year after the decedent's death; or
> >
> > (2) the time . . . provided in Subsection A of Section 45-3-801 . . . for all creditors barred by publication.

Under subsection (1), Cummings had the opportunity to sue the Estate within a year of Fenn's death—that is, from September 7, 2020, until September 7, 2021. *See* Doc. 28-1 at 1. He did not do so. Instead, Cummings acted over three years too late when he filed the Complaint on October 25, 2024. Doc. 1. Thus, under both Sections 45-3-801 and 45-3-803(A), Cummings's lawsuit is time-barred.

Ordinarily, the Court would allow a plaintiff the opportunity to amend its complaint prior to dismissal. Here, however, amendment would be futile given that the state UPC statute of limitations have run. So, dismissal with prejudice is appropriate. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

Therefore, for all the reasons above, the Court hereby orders that the Amended Motion to Dismiss Complaint as Being Barred by the Statute of Limitations, Doc. 28, is **GRANTED**. It is further ordered that Cummings's First Amended Complaint is **DISMISSED WITH PREJUDICE**. The Court will separately issue a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

6